14

BLANCHE RIGGALL, ADMX. ESTATE OF WILLIAM B. HICKERSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 6, 1951.*

ERNEST G. UTTER, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

DELANEY, J.

This complaint arose out of the death of Mr. William Hickerson on December 15, 1950. It was filed by his daughter, Mrs. Blanche Riggall, Administratrix of his estate. Mr. Hickerson was a widower, and lived alone on Star Route, Rushville, Schuyler County, Illinois. He was 77 years of age at the time of his death. All surviving children are of age, married, and none were dependent on him for any degree of support.

Mr. Hickerson was first employed by the Division of Highways on April 8, 1949 as a common laborer at a wage rate of 90 cents an hour. Although his wage rate increased to $1.00 an hour on July 1, 1949, his classification remained unchanged. He worked continuously for the Division, weather permitting and work being available, from the date of his employment until his death on December 15, 1950. Mr. Hickerson's earnings, exclusive of overtime, in the year preceding his death totaled $945.00.

Hourly laborers in the employment of the Division of Highways ordinarily work less than 200 days a year, and eight hours constitute a normal working day.

On December 15, 1950 at about 7:30 A.M., Mr.

Hickerson met his foreman, Mr. Grover Ulter, at the Division's storage lot in the Village of Pleasant View. There they secured a Division truck, and drove to a point on S.B.I. Route No. 100 about 1½ miles south of the junction of Routes Nos. 100 and 10 in Schuyler County. They arrived at this point at about 8:55 A.M., and started loading the truck with cinders from a roadside stock pile. After shoveling cinders for approximately 15 minutes, the truck was filled to about one-third its capacity. At that time, Mr. Hickerson was heard to gasp and fall to the ground. The foreman, Mr. Grover Ulter, of the Village of Frederick examined Mr. Hickerson, and, believing he was dead, called the Sheriff of Fulton County.

Because of the sudden death, the Division was not required to pay compensation, or furnish any medical care during Mr. Hickerson's last illness.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the death in question arose out of and in the course of the employment.

The record consists of the complaint, claimant's exhibits Nos. 1 and 2, Departmental Report, transcript of evidence, and stipulation waiving briefs of both parties.

We find that under the provisions of Section 7, Paragraph (e) of the Workmen's Compensation Act in force at the time of the death, the respondent is liable for funeral expenses of the decedent in an amount not to exceed $500.00, which amount is to be paid to the person incurring the expense of burial. The evidence discloses that the claimant, Blanche Riggall, Admx., paid the funeral expenses in the amount of $453.00.

She is, therefore, entitled to be reimbursed therefor by the respondent to the extent of $453.00.

We further find that pursuant to the further provisions of said Section 7, Paragraph (e) of the Workmen's Compensation Act in force at the time of the death, the respondent is also required to pay into a Special Fund, of which the State Treasurer is ex-officio custodian, the sum of Four hundred Dollars ($400.00).

An award is, therefore, hereby made as follows:

To Blanche Riggall, Admx. of the estate of William Hickerson, deceased, in repayment for funeral expenses advanced by her, the sum of $453.00.

To the State Treasurer of the State of Illinois as ex-officio custodian of the Workmen's Compensation Special Fund, the sum of $400.00; said sum to be held and disbursed by said State Treasurer in accordance with the provisions of the Workmen's Compensation Act of this State.

Mary L. Le Sage was employed to take and transcribe the evidence at the hearing before Commissioner Summers. Charges in the amount of $15.00 were incurred for these services, which charges are fair, reasonable and customary. An award is, therefore, entered in favor of Mary L. Le Sage, in the amount of $15.00, payable forthwith.

This award being subject to the provisions of Section 3 of "An Act concerning the payment of compensation awards to State employees", and subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided by the foregoing acts.